CHRISTOPHER P. BURKE, ESQ.   *ECF FILED ON 04/09/10*
Nevada Bar No.: 004093
*atty@cburke.lvcoxmail.com*
218 S. Maryland Pkwy.
Las Vegas, Nevada 89101
(702) 385-7987
Attorney for Debtor(s)

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| In Re: | ) | BK-S-09-21947-BAM |
| | ) | Chapter 13 |
| **MAHAMED A. YOUSSOUF,** | ) | |
| | ) | |
| | ) | |
| Debtor(s). | ) | DATE:  05-11-10 |
| | ) | TIME:  2:30 P.M. |

## MOTION FOR SUBSTANTIVE CONSOLIDATION

COMES NOW, MAHAMED A. YOUSSOUF, (hereinafter "Debtor" or "Youssouf"), by and through his counsel, CHRISTOPHER P. BURKE, ESQ., (hereinafter "Burke") and Moves this Court to Substantively Consolidate his chapter 13 with his former business Green Cleaners Alteration Center, LLC., (hereinafter "Green Cleaners" or "LLC").

Youssouf was the member of Green Cleaners. But Green Cleaners was dissolved September 22, 2009. The effect of the dissolution was that the assets of the LLC became the assets of the Debtor and are the subject of administration in this case.

Green Cleaners was dissolved post petition on September 22, 2009.  A copy of the file-stamped Articles of Dissolution for a Nevada Limited-Liability Company is attached as Exhibit "A".  A current printout of the status of the LLC from the website of the

1    Secretary of State is attached as Exhibit "B".

2

3                                 I
                MOTION FOR SUBSTANTIVE CONSOLIDATION

4        Youssouf seeks approval for substantive consolidation of his

5    bankruptcy estate with the assets of the former LLC. "The theory

6    of substantive consolidation emanates from the . . . 'power of the

7    bankruptcy court to subordinate claims or adjudicate equities

8    arising out of the relationship between the several creditors is

9    complete'." In re Bonham, 229 F.3d 750,764 (9th Cir.2000), citing

10   Sampsell v. Imperial Paper & Color Corp., 313 U.S. 215,219 (1941).

11    "[T]he theme of the Bankruptcy Act is equality of distribution".

12   Id at 219.  "Orders of substantive consolidation combine the

13   assets and liabilities of separate and distinct – but related –

14   legal entities into a single pool and treat them as though they

15   belong to a single entity." Bonham at 764, citing Federal Deposit

16   Insurance Corp. v. Colonial Realty Co., 966 F.2d 57, 58-59 (2nd

17   Cir.1992).

18       Substantive consolidation "enabl[es] a bankruptcy court to

19   disregard separate corporate entities, to pierce their corporate

20   veils in the usual metaphor, in order to reach assets for the

21   satisfaction of debts of a related corporation". In re

22   Continental Vending Machine Corp. 517 F.2d 997,1000(2nd

23   Cir.1975).

24       "The consolidated assets create a single fund from which all

25   claims against the consolidated debtors are satisfied; duplicate

26   and inter-company claims are extinguished; and, the creditors of

27

28
                                  2

the consolidated entities are combined for purposes of voting on reorganization plans." Bonham at 764 citing *In re Augie/Restivo Baking Co.*, 860 F.2d 515, 518 (2nd Cir. 1988). The primary purpose of substantive consolidation "is to ensure the equitable treatment of all creditors." Id at 518.

The Second Circuit applies an independent test, which the Ninth Circuit has adopted. Bonham at 766. This test requires the consideration of two factors: "(1) whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit; or (2) whether the affairs of the debtor are so entangled that consolidation will benefit all creditors." *In re Reider*, 31 F.3d 1102, 1108 (11th Cir. 1994) (citing *In re Augie/Restivo*, 860 F.2d at 518).

Looking at this second factor, consolidation is justified where "the time and expense necessary even to attempt to unscramble them [is] so substantial as to threaten the realization of any net assets for all creditors." Id at 519. Clearly, the affairs of Youssouf and the LLC are so entangled that consolidation will benefit all creditors. Failure to consolidate will most likely lead to a chapter 7 were no creditor will benefit.

If this Court allows Debtor and Green Cleaners to consolidate, it expected an evidentiary hearing will be needed to value the assets. Debtor believes the value of the assets is a lot less than he originally estimated. If the value comes in less, and Youssouf pays a similar plan payment all creditors

benefit.    In  addition,  Youssouf  may  have  tax  refunds  in  the
future to turn over to the plan.

<strong>CONCLUSION</strong>

Youssouf  requests  this  Court  substantively  consolidate  the
former assets of Green Cleaners with his own estate.

Dated this 9th day of April, 2010.

RESPECTFULLY SUBMITTED:


<u>/S/CHRISTOPHR P. BURKE, ESQ.</u>
CHRISTOPHER P. BURKE, ESQ.
Attorney for Debtor

4