Mahamed Youssouf
9255 Eaton Creek ct
Las Vegas, NV 89123
Tel: (702) 416-3712

RECEIVED & FILED

July 15,2011

JUL 15  1 25 PM '11

**RE: BK-09-21947-BAM**

U.S. BANKRUPTCY COURT
MARY A. SCHOTT. CLERK

United States Bankruptcy court
District of Nevada

In re:

Christopher P. Burke
Attorney at law
218 South Maryland Pkwy
Las Vegas, NV 89101

Hearing information:
Date: 08-01-11
Time: 2:30 P.M.

The attached application for compensation and reimbursement of expenses is in dispute
due to the following:

- The fees incurred were due to the attorney's ( Mr. Burke) own mistakes.
- Without explicit authorization from me, Mr. burke filled the important
  documents with the court that were detrimental to Green Cleaner Center LLC
- Mr. Burke repeatedly refused to communicate with me via phone. This behavior
  was persuasive and resulted in me going to his office for an explanation.

Please see the attached documents that are presented as justification for disputing the
application for compensation and reimbursement of expenses.

Attachments (12)

7-07-09    The problem is with the plan and Nevada State Bank is because Mr. Burke files chapter 13 bankruptcy but my dry cleaning business asset which is holding by LLC.

1-6-10    The letter from Kelleher Equipment Co., Inc. appraisal showing the value of Green Cleaners alteration LLC equipment around $30,000 but Mr. Burke did not apply to my case.

2-25-10   Mr. Burke did not do the right on the first time on February 25, 2010. He suggest the property back to the bank.

11-18-10    Mr. Burke agreed stipulation without my consent.

12-6-10    Mr. Burke response to my letter for November 18,2010.

12-9-10    My letter to Mr. Burke to continue to representation evidentiary hearing.

12-10-10   Letter to United States trustee office of Mr. August B. Landis.

3-16-11    Change of mortgage payment from Bank of America  Mr. Burke ignored to submitted to the plan.

4-11-11    In response of the phone conversation on April 11, 2011 remind Mr. Burke not sign or accept NSB offer verbal or written without my review.

5-20-11   This letter to remind him to give me opportunity to review all of conformation documents.

6-7-11    This letter to remind him before submitting to the plan summery to answer the question.

6-29-11    This letter remind him a second time to answer on June 7,2011 question and he did not answer.

All of the work he has done to fix his own mistakes it's not fair for me to pay the extra amount of fees. I have been making all of my payments regularly to the trustee and I want to get a plan to confirm, but Mr. Burke's attorneys' fee makes the plan unreasonable.

For all detail see the attachments.

July 15,2011                                              Mahamed Youssouf

In re    **MAHAMED ABDULLAHI YOUSSOUF**                                    Case No. ___09-21947-BAM___
_____
                              Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. 097759761 | | | | | Mortgage | | | | | |
| COUNTRYWIDE HOME LOANS ATTN:MANAGING AGENT P.O.BOX 5170 Simi Valley, CA 93062 | | - | | | HOME-9255 EATON CREEK CT., Las Vegas NV 89123 | | | | | |
| | | | | | Value $        240,000.00 | | | | 243,045.00 | 3,045.00 |
| Account No. 018011796203039001 | | | | | BUS. LOAN | | | | | |
| NEVADA STATE BANK ATTN:MANAGING AGENT P.O.BOX 990 Las Vegas, NV 89125-0990 | | | | | GREEN CLEANER ALTERATION CENTER LLC | | | | | |
| | | | | | Value $        140,000.00 | | | | 328,655.30 | 188,655.30 |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |

| | | | |
|---|---|---|---|
| ___ continuation sheets attached | Subtotal (Total of this page) | 571,700.30 | 191,700.30 |
| | Total (Report on Summary of Schedules) | 571,700.30 | 191,700.30 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

# United States Bankruptcy Court
### District of Nevada

In re   **MAHAMED ABDULLAHI YOUSSOUF**      Case No.   **09-21947-BAM**

Debtor(s)      Chapter   **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **5,274.00** |
| Prior to the filing of this statement I have received | $ | **3,500.00** |
| Balance Due | $ | **1,774.00** |

2.   The source of the compensation paid to me was:

     ■ Debtor      ☐ Other (specify):

3.   The source of compensation to be paid to me is:

     ■ Debtor      ☐ Other (specify):

4.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d.   [Other provisions as needed]
         **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
     **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    **July 7, 2009**          **/s/ CHRISTOPHER P. BURKE, ESQ**
                                         CHRISTOPHER P. BURKE, ESQ. 004093
                                         CHRISTOPHER P. BURKE, ESQ.
                                         218 S. MARYLAND PKWY.
                                         LAS VEGAS, NV 89101
                                         (702) 385-7987  Fax: (702) 385-7986
                                         atty@cburke.lvcoxmail.com

# United States Bankruptcy Court
## District of Nevada

In re   **MAHAMED ABDULLAHI YOUSSOUF**

Debtor(s)

Case No.   **09-21947-BAM**

Chapter   **13**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:   **July 7, 2009**

**/s/ MAHAMED ABDULLAHI YOUSSOUF**
**MAHAMED ABDULLAHI YOUSSOUF**
Signature of Debtor

# euipment list

| | |
|---|---|
| **From:** | Kelly <kkc@kelleherequipment.com> |
| **To:** | shref@earthlink.net |
| **Subject:** | euipment list |
| **Date:** | Jan 6, 2010 2:48 PM |
| **Attachments:** | mo green 010610.pdf mo green 010610 2.pdf |

Mohammed: Here is the list of equipment that was installed in Sept. of 2007 that just sold for $30,000.00. Obviously I had to remove personal information.

Kelly Kelleher

Vice President

Kelleher Equipment Co., Inc.

2121 Curry St.

Long Beach, CA 90805

(562)422-1257

| QUANTITY | | DESCRIPTION | | PRICE |
|---|---|---|---|---|
| 1 ea | 50 Drycleaning Machine Forze Real Star MJ50 Hydrocarbon Tonsil | | | $ 44,300.00 |
| 1 ea | Forenta Spotting Board | | | $ 2,361.00 |
| 1 ea | Unipress 46X Right Legger Press w/Steam Iron w/attachments | | | $ 6,992.00 |
| 1 ea | Forenta 22BP ADJM Pants Topper | | | $ 6,500.00 |
| 1 ea | Unipress 42RX w/attachments | | | $ 6,224.00 |
| 1 ea | ASF Unipress Form Finisher | | | $ 8,340.00 |
| 1 ea | 1000 Storage Conveyor Double Stack DS800 | | | $ 7,015.00 |
| 1 ea | Milnor 30002275X #55 Washer/Extractor | | | $ 7,600.00 |
| 1 ea | Unipress NT Single Buck | | | $ 22,300.00 |
| 1 ea | Unipress PCZ Collar/Cuff | | | $ 8,400.00 |
| 1 ea | Collar Form | | | $ 350.00 |
| 1 ea | Ajax or Cissell 75lb Dryer | | | $ 2,729.00 |
| 1 ea | Forenta 54V1 Hot Head | | | $ 6,510.00 |
| 1 ea | Parker 15 HP Steam Boiler w/ Low Nox Complete | | | $ 20,300.00 |
| 1 ea | Ingersol Rand 10 Air Compress | | | $ 3,100.00 |
| 1 ea | Rema Three Station Dry Vac | | | $ 2,500.00 |

(Continued)

| TOTAL SALE PRICE: | | TERMS: **Balance of Contract due upon equipment delivery via cashier check.** | TOTAL EQUIPMENT: | |
|---|---|---|---|---|
| DOWN PAYMENT | | | INSTALLATION | |
| BALANCE DUE | | | SALES TAX | |
| SPECIAL INSTRUCTIONS: | | | FREIGHT | |
| Sale price does not include electrical, | | | DELIVERY | |
| Venting, permits, rigging | | | TOTAL SALE PRICE | |
| | | | TOTAL DOWN PAYMENT DUE | |

THIS SALES AND SECURITY AGREEMENT (THE "AGREEMENT") IS MADE BETWEEN KELLEHER EQUIPMENT SUPPLY, INC. (HEREINAFTER REFERRED TO AS "KELLEHER" AND THE "PURCHASER" AS DESIGNATED HEREIN ABOVE IN THIS AGREEMENT . IN CONSIDERATION OF THE MUTUAL AGREEMENTS HEREIN CONTAINED, KELLEHER AGREES TO SELL TO PURCHASER AND PURCHASER AGREES TO PURCHASE FROM KELLEHER THE ABOVE DESCRIBED EQUIPMENT, AND THIS AGREEMENT CONSTITUTES A SECURITY AGREEMENT PURSUANT TO THE COMMERCIAL CODE OF CALIFORNIA AS TO ALL OF THE DESCRIBED EQUIPMENT.

THE TERMS AND CONDITIONS SET FORTH ON THE FOLLOWING PAGES OF THIS AGREEMENT ARE AS MUCH A PART HEREOF AS IF WRITTEN ABOVE. IN ADDITION, THIS AGREEMENT CONTAINS THE FOLLOWING LIQUIDATED DAMAGE PROVISIONS:

PURCHASER AGREES AND ACKNOWLEDGES THAT IF THIS AGREEMENT IS CANCELLED BY PURCHASER PRIOR TO SHIPMENT, KELLEHER WILL SUFFER DAMAGES WHICH ARE DIFFICULT TO DETERMINE AT THIS TIME. PURCHASER AND KELLEHER AGREE THAT IF PURCHASER CANCELS AN ORDER PRIOR TO SHIPMENT, THE MONEY SET FORTH ABOVE AS "DOWN PAYMENT" OR, IF NO DOWN PAYMENT IS SET FORTH ABOVE, PRIOR TO SUCH CANCELLATION, AN AMOUNT EQUAL TO FIFTEEN PERCENT (15%) OF THE TOTAL SALE SHALL BE PAID BY PURCHASER TO KELLEHER. IF ANY PORTION OF SUCH DOWN PAYMENT HAS BEEN MADE BY PURCHASER PRIOR TO CANCELLATION, KELLEHER SHALL BE ENTITLED TO RETAIN ALL SUCH MONIES AND PURCHASER SHALL BE IMMEDIATELY LIABLE FOR THE PORTION, IF ANY, REMAINING UNPAID ON THE DOWN PAYMENT. IN ADDITION TO THESE LIQUIDATED DAMAGES, PURCHASER SHALL BE LIABLE FOR KELLEHER'S EXPENSES, INCLUDING REASONABLE ATTORNEY'S FEES. THE LIQUIDATED DAMAGES PROVIDED FOR IN THIS PARAGRAPH APPLY ONLY IN THE EVENT OF A CANCELLATION BY PURCHASER PRIOR TO SHIPMENT; IN THE EVENT OF A CANCELLATION ANY TIME AFTER SHIPMENT, KELLEHER SHALL BE ENTITLED TO ADDITIONAL DAMAGES ACCORDING TO PROOF BUT UNDER NO CIRCUMSTANCES SHALL KELLEHER'S DAMAGES BE LESS THAN THE LIQUIDATED DAMAGES SET FORTH HEREIN ABOVE.

PURCHASER, HAVING CAREFULLY READ ALL PROVISIONS OF THIS AGREEMENT, INCLUDING THE TERMS AND CONDITIONS SET FORTH ON THE FOLLOWING PAGES OF THIS AGREEMENT AND ANY ATTACHMENTS HERETO, ACKNOWLEDGES RECEIPT OF A COPY OF THIS AGREEMENT, AND BY EXECUTION BELOW AGREES TO ACCEPT, COMPLY WITH AND ABIDE BY ALL OF THE TERMS AND CONDITIONS OF THIS AGREEMENT.

SALESMAN _____ DATE _____

*THIS AGREEMENT SUBJECT TO ACCEPTANCE BY CORPORATE OFFICER*

SIG _____ DATE _____

SIGNATURE OF PURCHASER _____ DATE _____

CORPORATE OFFICER _____

| QUANTITY | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 1 ea | Kleenrite 5 Ton Chiller | | $ 6,200.00 |
| 1 ea | Water Heating System | | $ 2,900.00 |
| | 3 counter – 4': 1 marking table – 5': floor coveing – 150 sq. ft. | | $ 7,500.00 |
| 3 ea | 12 bu Clothes Baskets @ $151.00 each | | $ 453.00 |
| 1 ea | 8 bu Clothes Baskets | | $ 130.00 |
| 2 ea | 8 bu Baskets Laundry @ 130.00 each | | $ 260.00 |
| 1 ea | Damp Box | | $ 300.00 |
| | | | |
| | | | |
| | Installation to existing utilities only. Includes electrical hookup of equipment | | |
| | to existing utilities only. Steam-in, steam out, vacuum, rails, pipe covering | | |
| | | | |
| | Permits to be billed separately | | |

| TOTAL SALE PRICE: $228,843.92 | TERMS: | **Balance of Contract due upon equipment delivery via cashier check.** | TOTAL EQUIPMENT: | $173,864.90 |
|---|---|---|---|---|
| DOWN PAYMENT: $ 2,500.00 | | | INSTALLATION: | $29,000.00 |
| BALANCE DUE: $226,343.92 | | 9/10/06 Payment Due $10,000.00 | SALES TAX: (7.75) | $ 14,079.02 |
| SPECIAL INSTRUCTIONS: | | 11/10/06 Payment Due $56,159.86 | FREIGHT: (TAXABLE) | $ 7,800.00 |
| Sale price does not include electrical, | | | DELIVERY: | $ 1,600.00 |
| Venting, permits, rigging | | | DRAWINGS: | $ 2,500.00 |
| | | | TOTAL SALE PRICE: | $228,843.92 |
| | | | TOTAL DOWN PAYMENT DUE: | $ 2,500.00 |

THIS SALES AND SECURITY AGREEMENT (THE "AGREEMENT") IS MADE BETWEEN KELLEHER EQUIPMENT SUPPLY, INC. (HEREINAFTER REFERRED TO AS "KELLEHER") AND THE "PURCHASER" AS DESIGNATED HEREINABOVE IN THIS AGREEMENT. IN CONSIDERATION OF THE MUTUAL AGREEMENTS HEREIN CONTAINED, KELLEHER AGREES TO SELL TO PURCHASER AND PURCHASER AGREES TO PURCHASE FROM KELLEHER THE ABOVE-DESCRIBED EQUIPMENT; AND THIS AGREEMENT CONSTITUTES A SECURITY AGREEMENT PURSUANT TO THE COMMERCIAL CODE OF CALIFORNIA AS TO ALL OF THE DESCRIBED EQUIPMENT.

THE TERMS AND CONDITIONS SET FORTH ON THE FOLLOWING PAGES OF THIS AGREEMENT ARE AS MUCH A PART HEREOF AS IF WRITTEN ABOVE. IN ADDITION, THIS AGREEMENT CONTAINS THE FOLLOWING LIQUIDATED DAMAGE PROVISIONS:

PURCHASER AGREES AND ACKNOWLEDGES THAT IF THIS AGREEMENT IS CANCELLED BY PURCHASER PRIOR TO SHIPMENT, KELLEHER WILL SUFFER DAMAGES WHICH ARE DIFFICULT TO DETERMINE AT THIS TIME. PURCHASER AND KELLEHER AGREE THAT IF PURCHASER CANCELS AN ORDER PRIOR TO SHIPMENT, THE MONEY SET FORTH ABOVE AS "DOWN PAYMENT" OR, IF NO DOWN PAYMENT IS SET FORTH ABOVE PRIOR TO SUCH CANCELLATION, AN AMOUNT EQUAL TO FIFTEEN PERCENT (15%) OF THE TOTAL SALE SHALL BE PAID BY PURCHASER TO KELLEHER. IF ANY PORTION OF SUCH DOWN PAYMENT HAS BEEN MADE BY PURCHASER PRIOR TO CANCELLATION, KELLEHER SHALL BE ENTITLED TO RETAIN ALL SUCH MONIES AND PURCHASER SHALL BE IMMEDIATELY LIABLE FOR THE PORTION, IF ANY, REMAINING UNPAID ON THE DOWN PAYMENT. IN ADDITION TO THESE LIQUIDATED DAMAGES, PURCHASER SHALL BE LIABLE FOR KELLEHER'S EXPENSES, INCLUDING REASONABLE ATTORNEY'S FEES. THE LIQUIDATED DAMAGES PROVIDED FOR IN THIS PARAGRAPH APPLY ONLY IN THE EVENT OF A CANCELLATION BY PURCHASER PRIOR TO SHIPMENT: IN THE EVENT OF A CANCELLATION ANY TIME AFTER SHIPMENT, KELLEHER SHALL BE ENTITLED TO ADDITIONAL DAMAGES ACCORDING TO PROOF BUT UNDER NO CIRCUMSTANCES SHALL KELLEHER'S DAMAGES BE LESS THAN THE LIQUIDATED DAMAGES SET FORTH HEREINABOVE.

PURCHASER, HAVING CAREFULLY READ ALL PROVISIONS OF THIS AGREEMENT, INCLUDING THE TERMS AND CONDITIONS SET FORTH ON THE FOLLOWING PAGES OF THIS AGREEMENT AND ANY ATTACHMENTS HERETO, ACKNOWLEDGES RECEIPT OF A COPY OF THIS AGREEMENT, AND BY EXECUTION BELOW AGREES TO ACCEPT, COMPLY WITH AND ABIDE BY ALL OF THE TERMS AND CONDITIONS OF THIS AGREEMENT.

SALESMAN _____ DATE _____          _____ DATE

AGREEMENT SUBJECT TO ACCEPTANCE BY CORPORATE OFFICER

_____ SIGNATURE OF PURCHASER _____          DATE

CORPORATE OFFICER _____

The Law Office of
**CHRISTOPHER P. BURKE & ASSOCIATES**
218 S. Maryland Parkway
Las Vegas, Nevada 89101
Ph.# (702) 385-7987
Fx.# (702) 385-7986

February 25, 2010

Mr. Mohamed Youssef
9255 Eaton Creek Ct.
Las Vegas, NV 89123

RE: BK-09-21947-BAM

Dear Mr. Youssef:

As you know from being in Court on Tuesday, Judge Markell ruled Green Cleaners, LLC. ("Green Cleaners") property is not property of the estate and the stay does not apply. But, he kept the stay in place for 14 days. This was to give you time, to file a motion for substantive consolidation of both you and Green Cleaners. This motion would then need to be heard within 30 days thereafter.

In regards to Green Cleaners property, you and I have discussed several options. One is just giving the property back to the bank. Alternatively, having Green Cleaners file a chapter 11. But as I informed you, I can not file a chapter 11 for you as there is a potential conflict of interest. Since you have used Green Cleaners bank account for both business and personal bills, you would be a potential creditor of Green Cleaners.

Because of the time restraints, I need to know by Wednesday March 3, 2010 how you want to proceed. If you want to discuss this further please make an appointment for March 3, 2010.

Sincerely,

Christopher P. Burke, Esq.

CPB/kmh

Mahamed Youssouf
9255 Eaton Creek ct
Las Vegas, Nevada 89123
Tel: (702) 416-3712

November 18, 2010

Christopher P. Burke
Attorney at Law
218 South Maryland Parkway
Las Vegas, Nevada 89101

(Sent by facsimile to 702-385-7986)
SENT VIA CERTIFIED US MAIL # 7610 0720 0002 0879 5851
Re: Bankruptcy Case No. 09-21947

Dear Mr. Burke:

I am very unhappy that you agreed to stipulate to the plan proposed by the Bank and you agreed to this without my consent. I understand that you are the lawyer, but I believe my input is necessary before you make decisions of this nature. I do not agree with the terms in the stipulation from the August order (Document 98) and I am even more concerned that it seems that we might have lost this motion, because we never filed a response to their motion. If this is so, you must tell me.

Trust is a two way street and you have given me concern about whether you do not understand me because English is not my native language, or whether you just choose to ignore the recommendations I have made to you.

I am asking you to move to set aside this stipulation. I did not agree to it and you had no authority to agree to do so. If you cannot do so, please advise me in writing. Also, please advise me in writing as to an email address where I can contact you as you never return my telephone calls. I believe we need to communicate in writing from now on, since you have blatantly disobeyed my orders not to agree to the stipulation.

Very truly yours,

Mahamed A. Youssouf

## TRANSMISSION VERIFICATION REPORT

```
                                    TIME   : 11/19/2010 12:07
                                    NAME   :
                                    FAX    : 7328961163
                                    TEL    : 7328963441
                                    SER.# : 030M8J532443
```

```
       DATE,TIME            11/19  12:07
       FAX NO./NAME         3857986
       DURATION             00:00:35
       PAGE(S)              02
       RESULT               OK
       MODE                 STANDARD
                            ECM
```

The Law Office of
**CHRISTOPHER P. BURKE & ASSOCIATES**
**218 S. Maryland Parkway**
**Las Vegas, Nevada 89101**
**Ph.# (702) 385-7987**
**Fx.# (702) 385-7986**

December 6, 2010

Mahamed Youssouf
9255 Eaton Creek Ct.
Las Vegas, NV 89123

### RE: BK-09-21947-BAM

Dear Mr. Youssouf:

This is a follow up to my letter of November 29, 2010. At the outset, I would note it was your decision to borrow more than $300,000.00 from Nevada State Bank ("N.S.B.") to expand your business. It was you who agreed to allow them to put a lien against your house. It was you who agreed with them to form an LLC. And it is you who has not paid on N.S.B.'s loan for the past two (2) years.

As to your letter, you express unhappiness with the representation provided by this office over the past year including a lack of communication. This is shocking as you have had at least eight (8) consultations in my office with me in the last year. In addition, I have consulted with you at court before and after each of the five (5) or six (6) hearings that you attended. This is more meetings than I have had with any other client in my career. And does not include the times you have just walked into the office unannounced and met with my staff and the numerous phone calls made to you. The fact is every needed communication was made and the appropriate actions taken in your case.

Since you filed your chapter 13, you have continuously told me that you know all of these attorneys in town and members of the media who patronize your business. According to you, they give you great legal advice on what should be done on your case. But this continual second guessing, interference, and veiled threats put forth by third parties in this case have all made your representation doubly difficult. Especially when you take advice from them, such as not paying your business rent for a couple of months to somehow 'worry' or put pressure on N.S.B. These ridiculous maneuvers have just created more problems. As I have told you before, the input of other attorneys and their opinions have basically destroyed the attorney client relationship between us.

You add that I have chosen to ignore your "recommendations." I must respectfully disagree and believe, that your "recommendations" are nothing more than gratuitous and casual advice given you by patrons at your business, that are attorneys or may be in some way tangentially connected with the active practice of law.

Second, the Stipulation on adequate protection was the same one you reviewed months ago in my office and your concerns were addressed at that time. Besides it is in conformance with the Judges ruling. NSB had filed the Stipulation with the Court then inadvertently withdrew it, before recently refiling it. (Dkt.#98,#99,#103 and #106).

Third, You have alleged I lied to you but you do not state when or how. You also have alleged I did not respond to a motion, without even stating what motion I did not respond to. These unsubstantiated allegations do nothing more than further erode the attorney client relationship.

As to the evidentiary hearing to value Green Cleaners, it was taken off calendar and need only be reset. My office called and informed you that the evidentiary hearing would be taken off calendar. Out of privacy concerns they did not want to disclose the exact reasons why. But to be blunt, my mom was diagnosed with a terminal illness a few months ago. I have been back and forth to the east coast five times during the last few months not knowing how long she had left to live. In mid-November, N.S.B.'s attorney agreed to take the evidentiary matter off calendar, as I did not know if she would pass at or around the time of the evidentiary hearing. I'm sure you'll be happy to know my mom recently passed so will not be an impediment to any future hearing in your case.

Given your obvious dissatisfaction with the representation provided by my office in this case, as well as the continued interference with your acquaintances, I believe that the attorney-client relationship may be irretrievably broken. Since you have accused me of lying to you, apparently don't trust me, believe I am incompetent and are unhappy with my representation I gather you no longer want me as your attorney. If you are terminating me I need to know in writing and you need to retain replacement counsel immediately. This should not be hard to find among those who you listen to and who have criticized my representation. They then can proceed with setting the evidentiary hearing which is the main issue left. Please provide me with the name of the attorney who will be substituting in and I will prepare the paperwork.

If you want me to continue to represent you and reset the evidentiary hearing on valuation I will. But I need to know immediately and in writing. I believe it best to communicate in writing by certified mail only. I do not want an unending stream of e-mails. And for the last time, I no longer want to hear what any other attorney or third party has to say. Finally, your chapter 13 Trustee informs me you are behind on your plan payment and you need to get caught up immediately or risk dismissal of your case.

Sincerely,

Christopher P. Burke, Esq.

CPB/kmh

Mahamed Youssouf
9255 Eaton Creek ct
Las Vegas, Nevada 89123
Tel: (702) 416-3712

---

December 9, 2010

Christopher P. Burke
Attorney at Law
218 South Maryland Pky
Las Vegas, NV 8912
SENT CERTIFED US MAIL # 7009 1680-0001 1954 1378
Re: BK-S-09-21947

Dear Mr. Burke ,

 I am responding to your letter I received December 8, 2010. I hope to anticipate your continued  to representation  evidentiary hearing on valuation. I have reviewed my chapter 13 payment history and I believe I am current , should you have other information. Please advise.

Very truly yours,

Mahamd Youssouf

December 10, 2010


Mr. August B. Landis
300 Las Vegas Blvd.
Room #4310
Las Vegas, NV 89109

Re: Bankruptcy Case No. 09-21947

Dear Mr. Landis:

It is my contention that the degree and kind of legal representation I have received from my attorney, Mr. Christopher P. Burke, has possibly jeopardized a positive ruling in the aforementioned Bankruptcy Case. This conclusion, on my part, is based on the following facts that demonstrate a clear pattern of fractured attorney to client communications.

1. On numerous occasions I have called and left messages with Mr. Burke's staff, but he never returned my calls. (see attachment)
2. He (Mr. Burke) consistently agreed to Stipulations without ever discussing the matter with me and without my consent. (see attached stipulations 1, 2 and 3)
3. My explicit objections regarding the earlier drafts of the Stipulations and the changes I wanted to make were ignored.
4. The Stipulation (Motion 100) filed by Mr. Burke with the Court is one that he never discussed with me and one that I would not have agreed to because the time limit on my default notice was too short.
5. Mr. Burke neglected to send me, the client, a copy of the Stipulation or the order approving it.
6. Due to my obvious concerns regarding this matter I filed a complaint with the Nevada Bar Association dated February 3, 2010.

Your valued assistance in helping to resolve this matter will be appreciated.


Very truly yours,

Mahamed Youssouf



**Bank of America**

**Home Loans**

MAHAMED YOUSSOUF

9255 EATON CREEK CT

LAS VEGAS          NV 89123

March 16, 2011

**This statement is being furnished <u>for informational purposes only</u> and should not be construed as an attempt to collect against you personally. While in the future, your obligation to BAC Home Loans Servicing, LP may or may not be discharged by operation of law, BAC Home Loans Servicing, LP will retain the ability to enforce its rights against the property securing this loan should there be a default.**

**If you are presently involved in a Chapter 13 proceeding, please be advised that should this amount conflict with any order or requirement of the Court, you are required to obey all orders of the Court.**

---

### PAYMENT CHANGE NOTIFICATION

This is to advise you that a recent escrow analysis completed on your loan has resulted in a change to your monthly payment.

---

WHAT THIS MEANS

Due to the change in your escrow payment, your current monthly payment of **$ 1,762.47** has also changed.  Effective **6/1/2011** your new monthly payment amount will be **$1,756.3?**

Below is a breakdown of the new payment calculations:

This correspondence is from BAC Home Loans Servicing, LP, a subsidiary of Bank of America N.A.

## CERTIFICATE OF SERVICE

I, Brad Cloud, hereby certify that a true and correct copy of the foregoing Notice of Payment Change has been served upon the following parties in interest on March 20, 2011 via the method listed below:

via electronic notification:
Debtor's Attorney
CHRISTOPHER PATRICK BURKE
218 S Maryland Pkwy
Las Vegas, NV 891015319

via pre-paid regular U.S. mail:
Primary Debtor
YOUSSOUF MAHAMED ABDULLAHl
9255 EATON CREEK CT
LAS VEGAS, NV 89123

via electronic notification:
Chapter 13 Trustee
RICK A. YARNALL
701 BRIDGER AVE #820
LAS VEGAS, NV 891010000

/s/ Brad Cloud

09-21947

Any questions or objections should be directed to and served on
at the address below:

Creditor:      BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P.
Contact:       Customer Service
Address 1:     2380 Performance Dr. Bldg C Mail Stop: RGV-C-32
Address 2:
City:          Richardson
State:         TX
Zip:           75082
Telephone:     1-800-669-5224
Fax:           972-498-5932
E-mail:        bankruptcy.administration@bankofamerica.com

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MAIN DISTRICT OF NEVADA
### LAS VEGAS DIVISION

IN RE:

YOUSSOUF MAHAMED ABDULLAHI §
§                  CASE NO.09-21947
§
§
**DEBTOR** §
BAC Home Loans Servicing, L.P. fka §          **CHAPTER13**
Countrywide Home Loans Servicing, L.P. §
**CREDITOR**

## NOTICE OF MORTGAGE PAYMENT CHANGE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Creditor, BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P. and respectfully provides notice of a change of on-going mortgage payment as indicated below.

1.       New Payment:        $ 1756.32  Effective June 01, 2011

    a.   Change Reason:       Escrow Change

    b.   Principal and Interest: $ 1517.29

    c.   Escrow:        $ 239.03

    d.   Total Payment:        $ 1756.32

2.      Loan Number:        xxxx9761

3.      All future payments made on the above account should be made payable to   BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P. and sent to 7105 Corporate Drive Mail Stop TX2-982-03-03 , Plano, TX 75024-0000.

Dated: March 20, 2011

Respectfully submitted,
National Bankruptcy Services

/s/ Brad Cloud
Brad Cloud
9441 LBJ Freeway Suite 250
Dallas, TX 75243
972-643-6600
972-643-6698 (Telecopier)
E-mail:notice@bkcylaw.com
Authorized Agent for
BAC Home Loans Servicing, L.P. fka Countrywide
Home Loans Servicing, L.P.

This correspondence is from BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A

Mahamed Youssouf
9255 Eaton Creek ct
Las Vegas, Nevada 89123
Tel: (702) 416-3712

April 11, 2011

Christopher P. Burke
Attorney at Law
218 South Maryland Pkwy
Las Vegas, NV 89101

**Re: Bankruptcy Case No. 09-21947**

Dear Mr. Burke:

In response to our phone conversation of April 11, 2011. The NSB verbal
offer of settlement at 170,000 is not acceptable to me. As I cannot determine
the monthly payment please do not sign or accept any NSB offer verbal or
written without my review.

Very truly yours,

Mahamed A. Youssouf

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 04/11/2011 19:05
                                    NAME  :
                                    FAX   : 7028961163
                                    TEL   : 7028963441
                                    SER.# : 000M8J532443
```

```
DATE,TIME              04/11  19:04
FAX NO./NAME           3857906
DURATION               00:00:28
PAGE(S)                02
RESULT                 OK
MODE                   STANDARD
                       ECM
```

Mahamed Youssouf
9255 Eaton Creek ct
Las Vegas, Nevada 89123
Tel: (702) 416-3712

---

May 20, 2011


Christopher P. Burke
Attorney at law
218 South Maryland Pkwy
Las Vegas, NV 89101

**Re: Bankruptcy Case No. 09-21947**
CERTIFIED NO 7009 1680 0001 1954 - 1385

Dear Mr. Burke:


 This letter is to serve as a reminder to you that I must have the opportunity
to review all of the confirmation documents prior to final submission to the
court.

Thank you  in advance for your cooperation in this matter.



Very truly yours,

Mahamed A. Youssouf

**Mahamed Youssouf**
9255 Eaton Creek ct
Las Vegas, Nevada 89123
Tel: (702) 416-3712

---

June 7, 2011

Christopher P. Burke
Attorney at Law
218 South Maryland Pkwy
Las Vegas, NV 89101

**Re: Bankruptcy Case No. 09-21947**

Dear Mr. Burke,

Priority to submitting the plans summary to his court please responded to the following:

1.  1.02 says 3 years for the plan is 1.08 is 60 months is this 3 year plan or a 5 year plan?
2.  How did the 1.04 liquidation value show zero?
3.  2.10 if the fees are $ 5.0274.00 and your already paid $3.500.00 how can I owe you $ 9.744.00 And why would I owe an additional $8.000.00 ?
4.  2.11 if the mortgage payment is $ 1,756.32, then why the increase to $1,847.21?
5.  2.13 why is the payment so high?

Very truly yours,

Mahamed A. Youssouf

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 06/13/2011 11:09
                                    NAME  :
                                    FAX   : 7028961163
                                    TEL   : 7028963441
                                    SER.# : 300M8J532443
```

```
      DATE,TIME              06/13  11:08
      FAX NO./NAME           3857986
      DURATION               00:00:30
      PAGE(S)                02
      RESULT                 OK
      MODE                   STANDARD
                             ECM
```

9255 Eaton Creek ct
Las Vegas, Nevada 89123
Tel: (702) 416-3712

June 29, 2011

Christopher P. Burke
Attorney at Law
218 South Maryland Pkwy
Las Vegas, NV 89101

**Re: Bankruptcy Case No. 09-21947**

Dear Mr. Burke,

In reference to the query posed in my communication to you dated June 7, 2011, I hereby reiterate the same request:

1. (2.10) if the total fee was $5, 0274.00 and you were paid $3,500.00, what is the justification for the $9,744.00 balance?

2. I told you not to file the plan without checking with me first. Why did you file it before answering the June 7 question.

Please respond to the above questions in writing by Friday July 8. Please also copy my entire file for me, and I will pay you the copying costs.

Very truly yours,

Mahamed A. Youssouf

TRANSMISSION VERIFICATION REPORT

```
TIME  : 01/05/2006 07:44
NAME  :
FAX   :
TEL   :
SER.# : 000C1N763661
```

```
DATE,TIME         01/05  07:44
FAX NO./NAME      3857986
DURATION          00:00:28
PAGE(S)           02
RESULT            OK
MODE              STANDARD
                  ECM
```

1  CHRISTOPHER P. BURKE, ESQ.                    *ECF FILED ON 06/29/11*
   Nevada Bar No.: 004093
2  *atty@cburke.lvcoxmail.com*
   218 S. Maryland Pkwy.
3  Las Vegas, Nevada 89101
   (702) 385-7987
4  Attorney for Debtor(s)

5

6                    **UNITED STATES BANKRUPTCY COURT**

7                          **DISTRICT OF NEVADA**

8  In Re:                              )    BK-S-09-21947-BAM
                                       )    Chapter 13
9  **MAHAMED A. YOUSSOUF,**            )    **NOTICE OF APPLICATION FOR**
                                       )    **COMPENSATION AND REIMBURSEMENT**
10                                     )    **OF EXPENSES ($500.00 OR OVER)**
                    Debtor.            )    DATE: 08-01-11
11                                     )    TIME: 2:30 P.M.
   _____)

12 NOTICE: ALL INTERESTED PARTIES

13         **A NOTICE IS HEREBY GIVEN** that an Application for Compensation and
   Reimbursement of Expenses ($500.00 or Over) was filed herein on _____ by CHRISTOPHER P.
14 BURKE, ESQ.
           Any Opposition must be filed pursuant to Local Rule 9014(d)(1).

15         **NOTICE IS FURTHER GIVEN** that if you do not want the court to grant the relief sought
   in the Motion, or if you want the court to consider your views on the Motion, then you must file an
16 opposition with the court, and serve a copy on the person making the Motion *no later than 14 days*
   preceding the hearing date for the motion, unless an exception applies (see Local Rule 9014(d)(3)).
17 The opposition must state your position, set forth all relevant facts and legal authority, and be
   supported by affidavits or declarations that conform to Local Rule 9014(c).

18

19     If you object to the relief requested, you *must* file a **written** response to this pleading with the court. You
       *must* also serve your written response on the person who sent you this notice.
20
       If you do not file a written response with the court, or if you do not serve your written response on the
21     person who sent you this notice, then:

22     • The court may *refuse to allow you to speak* at the scheduled hearing; and

23     • The court may *rule against you* without formally calling the matter at the hearing.

24
           **NOTICE IS FURTHER GIVEN** that the hearing on said Motion will be held before a United
25 States Bankruptcy Judge, in the FoleyFederal Building, Ct. Rm. #1, 300 Las Vegas Blvd. So., Las
   Vegas, Nevada, 89101 on the 1st day of August, 2011, at the hour of 2:30 p.m. .

26
   Dated: 06-29-11
27                                          /S/CHRISTOPHER P. BURKE, ESQ.
                                            CHRISTOPHER P. BURKE, ESQ.
28

9255 EATON CREEK CT.

LAS VEGAS, NEVADA 89123

CHRISTOPHER P. BURKE, ESQ.

218 S. MARYLAND PARKWAY

LAS VEGAS, NV 89101

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by ( *Printed Name* )    C. Date of Delivery |
| 1. Article Addressed to:<br><br>CHRISTOPHER P. BURKE, ESQ.<br><br>218 S. MARYLAND PARKWAY<br><br>LAS VEGAS, NV 89101 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☐ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*    ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7009 1680 0001 1754 1484 |

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540